## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**BRITTNY HORN**                                                                                          **PLAINTIFF**

**v.**                                              **Case No. 5:15-cv-00274 KGB**

**TEMPORARIES PLUS, INC. d/b/a**
**ATEAM TEMPORARY SERVICE**                                                                 **DEFENDANT**

### ORDER

Plaintiff Brittny Horn brings this action against defendant Temporaries Plus, Inc. d/b/a Ateam Temporary Service ("Ateam") alleging claims of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Pregnancy Discrimination Act, 29 C.F.R. § 1604.1; and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.*, for employment discrimination based on pregnancy (Dkt. No. 1, at 1). Before the Court is Ateam's motion for judgment on the pleadings based on res judicata (Dkt. No. 5). Ms. Horn has responded in opposition to the motion (Dkt. No. 9). For the reasons that follow, the Court grants Ateam's motion for judgment on the pleadings (Dkt. No. 5).

### I.        Factual Background

Defendant Ateam is a for-profit business with a primary place of business in Pine Bluff, Arkansas. Ateam placed Ms. Horn to work as a receptionist at Harold Pointer Auto Service ("Pointer's") on November 14, 2013. Ms. Horn states that on Friday December 6, 2013, she disclosed to Pointer's that she was pregnant (Dkt. No. 1, ¶ 5). In Ms. Horn's complaint, she further contends that one week later, on December 13, 2013, Mr. Harold Pointer fired her because she was pregnant. Ms. Horn has attached to her complaint a letter that she claims was given to her by Mr. Pointer in her post-assignment interview, which states that Mr. Pointer is

firing Ms. Horn because she is pregnant and is purportedly signed by Mr. Pointer (Dkt. No. 1, Ex. 1).

Ms. Horn further argues that Ateam, the agency that placed her in the position at Pointer's, made excuses for Mr. Pointer's behavior, told her she could go back to work at Pointer's, sent her an undated letter that she says contains inaccuracies, and never placed her in another position due to her pregnancy (*Id.*, ¶¶ 8, 9, 10, 11,12).  Ms. Horn filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right-to-sue letter on May, 29, 2015 (*Id.*, Ex. 3).

Also attached to the complaint is a letter purportedly from Ateam to Ms. Horn, which states:

> In our subsequent separation investigation with our client, Mr. Pointer, the following events were brought to our attention. After informing Mr. Pointer that you were pregnant, a discussion between you and Mr. Pointer ensued concerning whether or not Ateam was aware of your pregnancy, whether your physician had placed any work related restrictions on your activities, and whether you felt you would be able to perform your required job responsibilities as you understood them. After this conversation, you presented Mr. Pointer a letter stating that your assignment was being terminated due to pregnancy. Upon presenting this to Mr. Pointer, you represented to him that his signing this letter would allow you to collect unemployment and you would not have to work during the pregnancy. You also led Mr. Pointer to believe that this letter was written at the direction of Ateam and that he must sign it to end the assignment.

(Dkt. No. 1, Ex. 3).

In its answer, Ateam affirmatively pled res judicata as a defense, claiming that Mr. Pointer's actions were the subject of a complaint filed in the Circuit Court of Jefferson County, Arkansas, in which Ms. Horn sued Mr. Pointer for her termination (Dkt. No. 3, ¶ 8).  Ateam also affirmatively pled that it was neither joined in the lawsuit nor otherwise named and that the dismissal of that case with prejudice acts was res judicata with respect to the current action (*Id.*).

Ateam asserts that Ms. Horn previously filed in state court claims based on the same subject matter as this case.  On June 27, 2014, Ms. Horn filed suit against Pointer's and Harold Pointer, individually, in the Circuit Court of Jefferson County, Arkansas, Case No. CV-2014-309-2, alleging that she was fired by Pointer's in violation of the ACRA, specifically because of her pregnancy.  Ateam was not a defendant in the state court matter.  Ateam argues that the allegations in the state court case are the same allegations that Ms. Horn now makes against it in this action and that her failure to join Ateam in the state court lawsuit bars this action based on res judicata and estoppel (Dkt. No. 6, at 2).

On July 8, 2015, Ms. Horn voluntarily dismissed the state court case with prejudice (Dkt. No. 6, Ex. 2).  Ms. Horn represents to this Court that that matter was settled (Dkt. No. 10, at 3). On August 27, 2015, Ms. Horn filed suit in this Court, naming Ateam as the only defendant (Dkt. No. 1).

The Court notes that, in the federal action currently before it, Ms. Horn has included causes of action under Title VII and the Pregnancy Discrimination Act that were not asserted in the state court action.  The only cause of action alleged by Ms. Horn in the state court matter was a violation of the ACRA (Dkt. No. 6, Ex. 1).

## II.    Judgment On The Pleadings Standard

Ateam has filed its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  The Rule provides "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Such a motion is evaluated in the same manner as a 12(b)(6) motion to dismiss.  *McIvor v. Credit Control Serv., Inc.*, 773 F.3d 909, 912 (8th Cir. 2014).  As a result, the Court will evaluate the instant motion under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

Res judicata is an affirmative defense. *Howard v. Green,* 555 F.2d 178, 181 (8th Cir. 1977); Fed. R. Civ. P. 8(c)(1). The Eighth Circuit Court of Appeals has endorsed the use of a motion to dismiss to raise res judicata. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758 763-64 (8th Cir. 2012). Indeed, "[i]f an affirmative defense ... is apparent on the face of the complaint ... that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 983 (8th Cir.2008). The Eighth Circuit's interpretation of the phrase "face of the complaint ... include[s] public records and materials

embraced by the complaint," *id.,* and "material[s] attached to the complaint," *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam) (quotation omitted).

### III.    Analysis

Under 28 U.S.C. § 1738, this Court applies a state's law to decide whether claims previously decided in that state's courts, which are then brought in federal court, are precluded by the prior state court judgment.  Because the prior judgment at issue in the claim of res judicata was in state court, and because the Eighth Circuit Court of Appeals has held that "it is fundamental that the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum," this Court will evaluate the issue of res judicata using Arkansas law.  *Zutz v. Nelson*, 601 F.3d 842, 847 (8th Cir. 2010); *Hillary v. Trans World Airlines, Inc.,* 123 F.3d 1041, 1043 (8th Cir. 1997) (citing *Semler v. Psychiatric Inst. of Wash., D.C., Inc.,* 575 F.2d 922, 930 (D.C. Cir. 1978)).

Additionally, the preclusive effect of a prior state-court judgment is determined by the Constitution's Full Faith and Credit Clause, Article IV, § 1, as implemented by the federal Full Faith and Credit Statute, 28 U.S.C. § 1738.  *Rick v. Wyeth, Inc.*, 662 F.3d 1067, 1069 (8th Cir. 2011).  "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

"The concept of res judicata has two facets, one being issue preclusion and the other claim preclusion."  *Lindsey v. Green*, 369 S.W.3d 1, 4 (Ark. 2010) (citing *Carwell Elevator Co. v. Leathers*, 101 S.W.3d 211 (Ark. 2003)).  "Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim."  *Id.*  As in other states, under

Arkansas law, res judicata bars relitigation of a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Jayel Corp. v. Cochran*, 234 S.W.3d 278, 281 (Ark. 2006).

The purpose of res judicata is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. *Kulbeth v. Purdom*, 805 S.W.2d 622, 623 (Ark. 1991). Res judicata bars not only the relitigation of claims which were actually litigated in the first suit but also those that could have been litigated. *Id.* Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id*. However, res judicata is only applicable when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question. *Lindsey*, 369 S.W.3d at 4; *Carwell Elevator*, 101 S.W.3d at 217.

Ateam argues that Ms. Horn could have included all of the claims asserted against it in this matter in the state-court suit. In response, Ms. Horn contends that "[t]he factual allegations contained in paragraphs 7-12 of this complaint have nothing to do with the Pointer Defendants, instead they only address this Defendant, [Ateam]:

> 7. Plaintiff presented this letter (Exhibit #1) to the Defendant in her post-assignment interview.
>
> 8. Employees of the Defendant told Plaintiff that Mr. Pointer was "old school" and just a "good old country boy" and that the Plaintiff should just "get over it."
>
> 9. Employees of the Defendant attempted to explain that Mr. Pointer's behavior was because he was from a time when pregnant women didn't work and just stayed home.

10. Employees of the Defendant told the Plaintiff she could go back to work at Pointers Auto Service, but that she would have to "get over" what she found offensive.

11. Defendant sent Plaintiff an unsigned, undated letter, articulating their apparent position with regard to Ms. Horn. *See attached* Ex. 2. This correspondence is filled with inaccuracies and outright falsehoods.

12. Defendant never offered to place Plaintiff in another position due to her pregnancy and the Plaintiff having the temerity to stand up for her Constitutionally protected rights.

(Dkt. No. 1, ¶¶ 7-12; Dkt. No. 10, at 2-3).

Ms. Horn argues that "the factual allegations that form the underpinning of this lawsuit have nothing to do with Mr. Pointer and what he did.  Mr. Pointer was sued in State Court, and that suit settled.  [Ateam] has been sued in Federal Court for statutory violations that were neither alleged nor available against Mr. Pointer." (Dkt. No. 10, at 3).

Federal courts are required to respect the decisions of state courts.  According to 28 U.S.C. § 1738, "[t]he records and judicial proceedings of any court of any. . . State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State."  Therefore, federal courts are limited to the extent the federal court cannot give review to claims that have already been fully adjudicated in state court.  If a state court would not hear the case because it was precluded by a previous holding in that state's courts, the federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."  *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (footnote omitted).  Federal courts do not provide a forum to relitigate claims previously decided adversely in state courts.  *Sparkman Learning Ctr. v. Arkansas Dep't of Human Servs.*, 775 F.3d 993, 998 (8th Cir. 2014).

Under 28 U.S.C. § 1738, this Court applies a state's law to decide whether claims previously decided in that state's courts, which are then brought in federal court, are precluded by the prior state court judgment.  Arkansas law bars relitigation under claim preclusion when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies.  *Baptist Health v. Murphy*, 373 S.W.3d 269, 278 (Ark. 2010).

Under Arkansas law, where a dismissal is with prejudice, it is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. *Crooked Creek, III, Inc. v. City of Greenwood*, 101 S.W.3d 829, 833 (Ark. 2003); *see also Orr v. Hudson*, 374 S.W.3d 686, 691 (Ark. 2010)  ("a dismissal of a cause of action with prejudice is a final adjudication on the merits"); *Hicks v. Allstate Ins. Co.*, 799 S.W.2d 809, 810 (Ark. 1990) (quoting *Union Indemnity Co. v. Benton County Lumber Co.*, 18 S.W.2d 327 (Ark. 1929) ("This term [with prejudice] has a well-recognized legal import; it is the converse of the term without prejudice; and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff.")).

In reaching this conclusion, the Court is mindful that the Arkansas Supreme Court has indicated that there are limitations to the doctrine of res judicata.  *See Lindsey v. Green*, 369 S.W.3d 1, 7 (Ark. 2010) (holding that a federal court dismissal for failure to file with the EEOC was not a judgment "on the merits" that would operate to bar appellants' state law claims under res judicata).  In *Lindsey*, the Arkansas Supreme Court cited the following passage with approval:

> A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to

suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied unless a second action is precluded by operation of the substantive law. *Cox v. Keahey*, 84 Ark. App. 121, 133 S.W.3d 430 (2003) (quoting Restatement (Second) of Judgments § 20(2) (1982)).

*Id.*

This Court is not faced with a situation in which the valid and final judgment dismissing Ms. Horn's claim with prejudice rested on the prematurity of the action or on Ms. Horn's failure to satisfy a precondition to suit. The "prematurity of the action" or the "failure to satisfy a precondition to suit," implies that the cause of action has not yet accrued when the plaintiff files suit. Thus, a dismissal for those reasons does not operate to bar a second action once the cause of action has accrued. In contrast, the statute of limitations cannot begin to run until the cause of action has accrued. *See, e.g.*, *Dupree v. Twin City Bank*, 777 S.W.2d 856, 858 (Ark. 1989) ("[I]f the right of action depends upon some contingency or a condition precedent, the cause of action accrues and the statute of limitations begins to run when the contingency occurs or the condition precedent is complied with.").

This Court also notes that under Arkansas law a plaintiff may pursue independent state and federal cases against the same defendant based on the same events. Arkansas recognizes that federal district courts and state courts are separate jurisdictions and identical cases between the same parties can be pending in each court at the same time. *Carter v. Owens-Illinois, Inc.*, 551 S.W.2d 209, 209-10 (Ark. 1977). However, the "first forum to dispose of the case" enters a judgment that is binding on the parties. *Nat'l Bank of Commerce v. Dow Chem. Co.*, 1 S.W.3d 443, 447 (Ark. 1999). Here, the state court was the first court to enter a judgment and dismiss Ms. Horn's claims with prejudice. Under Arkansas law, that dismissal with prejudice operates as an adjudication on the merits. That judgment is binding on the parties, and this Court will not disturb that judgment or the well-settled Arkansas law regarding dismissal with prejudice.

It is well established that claim-splitting is discouraged. All claims must be brought together, and cannot be parsed out to be heard by different courts. *Elgin v. Dep't of Treasury*, ___ U.S. ___, 132 S.Ct. 2126, 2147, 183 L.Ed.2d 1 (2012). A claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim. *Banks v. Int'l Union Elec., Elec., Technical, Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim. *Id.* In effect, "res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding." *King v. Hoover Group, Inc.*, 958 F.2d 219, 223 (8th Cir. 1992). Ms. Horn's claims before this Court arise from the same nucleus of operative facts as her claims in state court. Ms. Horn's claims against Ateam began to accrue at the same time as her claims against Mr. Pointer. There are no operative facts, or facts that give rise to a claim she now alleges, that occurred after Ms. Horn filed her suit in state court. Thus, Ms. Horn could have sued Ateam and pursued those claims in the state court litigation, but she chose not to do so. This Court will not permit Ms. Horn to continue to pursue litigation based on the same set of facts when the state court has dismissed her claim with prejudice.

The Court is unclear from the pleadings what relationship exists between Mr. Harold Pointer, Pointers, and Ateam. However, this issue is immaterial under Arkansas case law. The Arkansas Supreme Court has made clear that neither privity nor an agency relationship between the successive defendants is a prerequisite to application of res judicata. *Davidson v. Lonoke Prod. Credit Ass'n*, 695 F.2d 1115, 1120 (8th Cir. 1982) (citing *Rose v. Jacobs*, 329 S.W.2d 170

(Ark. 1959)).  What is of import for res judicata purposes under Arkansas law is that the plaintiff

had her day in court on the identical issue.  *Id.*  As the *Rose* court held:

> [T]he true reason for holding an issue res judicata is not necessarily the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issues, even though defendant in the second suit was not a party, nor in privity with a party, in the first suit.

*Rose*, 329 S.W.2d at 172.

The Arkansas Supreme Court has never required strict privity in the application of res

judicata; instead, it has supported the idea that there must be a "substantial identity of parties" to

apply the doctrine.  *Jayel Corp. v. Cochran*, 234 S.W.3d 278, 281-82 (Ark. 2006) (citing *Wells v.

Heath*, 269 Ark. 473, 602 S.W.2d 665 (1980); *Rose v. Jacobs*, 231 Ark. 286, 329 S.W.2d 170

(1959)).  For example, that court has found privity for purposes of res judicata between a brother

and a sister in a claim alleging civil conspiracy and tortious interference, *Francis v. Francis*, 343

Ark. 104, 31 S.W.3d 841 (2000) (holding that son's settlement with father involving a

guardianship proceeding was *res judicata* as to father's subsequent suit against daughter);

between an insurer and its insured, *Southern Farm Bureau Casualty Insurance Co. v. Jackson*,

262 Ark. 152, 555 S.W.2d 4 (1977) (holding that privity exists where insurer provided defense of

insured except where the interests of the insured and insurer conflicted); and between a husband

and wife in a land-dispute lawsuit, *Collum v. Hervey*, 176 Ark. 714, 3 S.W.2d 993 (1928)

(holding that a title quieted against a husband was conclusive against the wife who had not been

a party in the original lawsuit).  *See also Hardie v. Estate of Davis*, 848 S.W.2d 417 (1993);

*Phelps v. Justiss Oil Co.*, 726 S.W.2d 662 (1987); *Southern Farm Bureau Cas. Ins. Co. v.

Jackson*, 555 S.W.2d 4 (1977); *Curry v. Hanna*, 307 S.W.2d 77 (1957).

11

When dealing with res judicata in the principal-agent context, the Arkansas Supreme Court has all but done away with the privity requirement, choosing instead to focus on whether or not the plaintiff is attempting to relitigate an issue that has already been decided. *Jayel Corp.*, 234 S.W.3d at 282.  In *Russell v. Nekoosa Papers, Inc.*, 547 S.W.2d 409 (Ark. 1977), two men were killed in a car accident involving two employees of Nekoosa Papers, Inc. The administrators for the deceased brought a negligence action against the employees, resulting in a settlement agreement between the parties.  The terms of the settlement released the employees from any litigation, but reserved the right to bring a claim against any other parties with potential liability. *Russell*, 547 S.W.2d 409.  Two years later, the administrators brought an action against Nekoosa based on respondeat superior.

In dismissing the action, the *Russell* court articulated Arkansas's approach regarding res judicata in cases involving an employer-employee relationship:

> We agree with the appellants that it is well settled that the relationship of an employer-employee is not privity for the purpose of the application of the doctrine of res judicata. Appellants, however, recognize that this court has in the past discussed terms as to "an extension of res judicata" to one not a party or privy to an action. Here appellants recognize that these cases are identified as "exceptions" to the privity requirement . . . since appellee's liability, if any, is derivative of their alleged negligence, the present action would be a relitigation of that issue and, consequently, the action is barred.

*Id*. at 410 (citations omitted).

Ms. Horn's argument that the doctrine of res judicata does not apply in this case hinges solely on the assertion that "[t]he factual allegations contained in paragraphs 7-12 of this Complaint have nothing to do with the Pointer Defendants, instead they only address this Defendant, [Ateam]." (Dkt. No. 10, at 2-3).   This Court finds that, under Arkansas case law, because the first suit resulted in a final judgment on the merits, the first suit was based upon proper jurisdiction, the first suit was fully contested in good faith, both suits involve the same

claim or cause of action, the doctrine of res judicata bars relitigation of this issue in federal court against Ateam.  *See Jayel Corp.*, 234 S.W.3d at 281.

## IV.     Conclusion

For the reasons above, this Court grants Ateam's motion for judgment on the pleadings (Dkt. No. 5).  Therefore, this case is removed from the Court's trial calendar.  Because the Court finds that this case is barred by res judicata and grants the motion for judgment on the pleadings, the Court denies all pending motions as moot.

So ordered this the 30th day of September, 2016.

_____
Kristine G. Baker
United States District Judge